FILED

**NOT FOR PUBLICATION**

OCT 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARIA CELIDA MENDOZA TORRES; et al., | No. 18-71364 |
| Petitioners, | Agency Nos.   A089-285-077 A206-519-208 A206-519-209 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2020[**]
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and KOBAYASHI,[***]
District Judge.

Lead Petitioner Maria Mendoza Torres ("Petitioner") and her minor children,

Luis Fernando Jimenez Mendoza and Aide Guadalupe Jimenez Mendoza, are

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

natives and citizens of Mexico. They seek review of the Board of Immigration Appeals' ("BIA") final order affirming the immigration judge's ("IJ") denial of their requests for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny the petition.

1. The BIA determined that the adverse credibility determination was dispositive in this case and declined to address Petitioner's other arguments. Because the BIA did not address Petitioner's social group or other arguments, those questions are not before us. See Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010) (noting that our review is limited to the grounds on which the BIA relied).

2. Substantial evidence supports the adverse credibility finding. See Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010) (stating standard of review). The BIA relied on numerous inconsistencies in Petitioner's testimony, her application and supporting documents, and her witnesses' testimony. We must uphold an adverse credibility determination if substantial evidence supports even one of those grounds. Rizk v. Holder, 629 F.3d 1083, 1088–89 (9th Cir. 2011).

Petitioner's testimony about her son's kidnapping was inconsistent with her application and supporting documents. Although the discrepancy about the year of her son's first kidnapping may have been a typographical error, Petitioner's

descriptions of what occurred on each occasion also were inconsistent. Her original application stated that her son was "taken out from school and put in a black truck" but provided no date or additional detail. The application said nothing about Petitioner herself being in contact with cartel members. But in a supplemental declaration, Petitioner stated that the cartel kidnapped her son twice, and each time armed cartel members met Petitioner at her son's school and took her to the house where they were holding him. Then, at her merits hearing, Petitioner testified that girls from her son's school, not cartel members, first told her that he had been taken. She testified that both times the cartel had called her at her home and had come there to take her to her son. The testimony of Petitioner's witnesses did not sufficiently corroborate any of Petitioner's versions of the events.

Petitioner testified that the kidnappings prompted her flight to the United States, so those events were central to her claims for relief. The discrepancies in her descriptions, then, are not trivial. See Shrestha, 590 F.3d at 1046–47 (explaining that in cases governed by the REAL ID Act, "inconsistencies no longer need to go to the heart of the petitioner's claim, [but] when an inconsistency is at the heart of the claim it doubtless is of great weight.").

Petitioner had notice and an opportunity to explain the inconsistencies. See Ren v. Holder, 648 F.3d 1079, 1092 n.14 (9th Cir. 2011) (noting that the agency

3

must advise a petitioner that her credibility is questionable and give her an opportunity to explain before relying on an inconsistency to support an adverse credibility determination). The BIA and IJ properly considered Petitioner's explanations before making their decisions. See Rizk, 629 F.3d at 1088. Petitioner's explanations do not compel a contrary conclusion. 8 U.S.C. § 1252(b)(4)(B).

In the absence of credible testimony from Petitioner, the testimony of her other witnesses and the documentary evidence were not sufficient to meet Petitioner's burden of proving past persecution or that there is a clear probability of future persecution. We, therefore, deny the petition as to the claims for asylum and withholding of removal.

3. Substantial evidence also supports the BIA's determination that Petitioner did not demonstrate eligibility for CAT relief. See Shrestha, 590 F.3d at 1048–49 (stating standard of review and CAT standard). Petitioner's CAT claim was premised "on the same statements . . . that the BIA determined to be not credible." Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir. 2003). The BIA properly considered the record evidence independent of Petitioner's discredited testimony and concluded that it was not sufficient to establish that Petitioner was more likely

4

than not to be tortured if removed.  <u>Id.</u>  Thus, we also deny the petition as to the

CAT claim.  <u>See</u> <u>Shrestha</u>, 590 F.3d at 1049.

**PETITION DENIED.**